## No. 10,697.

### LEEDS & Co, LIMITED, vs. J. N. HARDY, TREASURER.

1. The privileges and mortgages securing the payment of city taxes are prescriptible, but the taxes are themselves imprescriptible.

2. Notwithstanding tax liens, privileges and mortgages are prescribed, the property assessed remains subject to seizure in the enforced collection of taxes thereon.

3. It is a condition precedent to the exercise of the taxpayer's right of action in a court of justice, that previous and timely effort should have been made, on his part, to have the board of assessors make an alleged correction, while the matter was yet in their hands, and under their control.

Leeds & Co. vs. Treasurer.

APPEAL from the Civil District Court, for the Parish of Orleans.
King, J.

B. R. *Forman* for Plaintiff and Appellant:

1. Property employed in the manufacture of machinery and agricultural imple-
ments, where not less than five hands are employed, is exempt from all taxation
for a period of ten years from the adoption of the Constitution (December, 1889),
say 1st January, 1880, to 31st December, 1889. Constitution, Art. 207.

2. All taxes, tax privileges and tax mortgages are prescribed by three years, and
this prescription is only suspended or interrupted by an injunction which prevents the collection. Act 96, 1877, p. 142, Secs. 36 and 102; Act 77, 1880, p. 95, Sec. 24;
Act 96, 1882, p. 130, Sec. 24; Act 98, 1886, p. 145, Sec. 34; Act 85, 1888, p. 124, Sec. 33.

3. Unrecorded claims for taxes do not affect property in the hands of third persons. Constitution, Art. 176.

4. Assessments made in name of a person not the owner are void. Stafford vs.
Twitchell, 33 An. 816, and other cases cited.

W. B. *Sommerville*, Assistant City Attorney, and *Carleton Hunt*,
City Attorney, for Defendant and Appellee:

1. City taxes are imprescriptible. Rivers vs. City and So. R., 485 Suc.; Mercier, 42
An. 1149; City vs. Wood, 34 An. 733; Sec. 36, Act 96 of 1877; Succession of Stewart,
41 An. 128; 6 So. R. 587.

2. Property upon which taxes are due may be seized and sold to enforce the pay-
ment of taxes, although the lien and privilege are prescribed. Constitution,
Art. 211; Sec. 46, Act 85, of 1888; Alexandria vs. Heyman, 35 An. 301; Alexandria
vs. Williams, Ib. 329; State vs. Meyer, 41 An. 437; Holden vs. Eaton, 7 Pick,
(Mass.) 15.

3. Errors in assessments must be corrected within the time and in the manner
pointed out by law. Courts can not otherwise grant relief. Shattuck & Hoff-
man vs. New Orleans, 39 An. 206; 1 So. R. 413; Gay vs. Board of Assessors, 34 An.
370; New Orleans vs. St Louis & C. R. R. Co., 37 An. 45; New Orleans vs. Canal &
Banking Co., 32 An. 160; Gaither vs. Green, 40 An. 364; 4 So. R. 210; State vs. Meyer
41 An. 437; 6 So. R. 679; Red River & Coast Line vs. Parker, 41 An. 1046; 6 So. R.
896; Oteri vs. Parker, 42 An. 378; 7 So. R. 570; Factors & Traders Ins. Co. vs. Levi,
42 An. 435; 7 So. R. 625.

4. Where a party takes formal notice of assessments and taxes, and assumes the
payment of them, he can not afterwards set up objections to their regularity
and validity.

5. City tax of 1880, imposed by ordinance in December, 1879, on assessment rolls
furnished by the State Board of Assessors in November, 1879, were not repealed
by the adoption of Art. 207 of the Constitution subsequent thereto. New Orleans
vs. Vergnole, 33 An. 36; Succession of Dupuy, Ib. 258; New Orleans vs. L'Hote, 35
An. 1177; State ex rel. Stern vs. City, 40 An. 697; 4 So. R. 891; La. Ice Mfg. Co. vs
Tax Collector, 42 An. —; 7 So. R. 898.

6. Where plaintiffs and appellants allege a tax, amounting to less than $2000, to be invalid and unconstitutional, they must plead and introduce the ordinance under which the tax complained of is levied, so as to show affirmatively that this court has jurisdiction, or the appeal will be dismissed.   New Orleans vs. Labatt, 33 An. 107.

7. State Board of Assessors required to make assessment rolls for city by November 1, of the year prior to that wherein taxes are collectible.   Sec. 2, Act No. 12 of 1875, p. 32.

8. City assessment rolls and taxes shall be known by the year in which the taxes are collectible.   Sec. 2, Act No. 73 of 1872, p. 124.

The opinion of the court was delivered by

WATKINS, J.   This is an injunction suit, in restraint of an advertised sale of certain real estate of plaintiffs, for the satisfaction of city taxes of the years 1880, 1884, 1886 and 1887.

The injunction rests on the following grounds, viz.:

1. That the taxes, tax liens and tax privileges and mortgages of said years, respectively, are barred and prescribed by three, five and ten years; and that the plaintiff acquired the property in question free of any such liens, privileges and mortgages—if not prescribed—because of same not having been so recorded as to affect same therewith.

2. That said property was not lawfully assessed for and during any one of those years, the assessments, as made, not having been made in the names of the true owners thereof.

3. That the property, sale of which is enjoined, embraces that on which is situated the plaintiff's foundry establishment, and the whole of which is at this time, and has been, continuously since 1880, engaged in the manufacture of machinery and agricultural implements, and is, therefore, exempt from taxation under Article 207 of the Constitution.

The city defends on the grounds (1) that city *taxes* are imprescriptible; (2) that, though the tax liens, privileges and mortgages securing the taxes of all of those years, except the year 1887, are prescribed, yet the city is entitled to seize and sell the property that was assessed; (3) that, after the lapse of the time designated by law, it is too late for a taxpayer to be heard to urge complaint of incorrect or erroneous assessments, unless he has complied with the condition precedent; (4) that, in the plaintiff's contract of purchase, it assumed the payment of said taxes, if the property was held not exempt

under Constitution, Article 207; (5) that the tax denominated the tax of 1880 was levied in the month of December, 1879, under an assessment made in 1879, and for that reason it was not affected by the constitutional exemption relied upon.

In Succession of Stewart, 41 An. 128, all of the statutes cited, and the constitutional provisions relied upon, were thoroughly examined and analyzed, and we·decided that *city* taxes were imprescriptible, though the liens, privileges and mortgages securing same are prescriptible.    Succession of Mercier, 42 An. 1135; City vs. Wood, 34 An. 732; Rivers vs. City, 42 An. 1196.

But notwithstanding the tax privileges and mortgages have become prescribed, the city has the right to proceed against the property assessed for the purpose of realizing the taxes themselves. Oteri vs. Parker, Tax Collector, 42 An. 374; Succession of Mercier, 42 An. 1135; State vs. Meyer, 41 An. 436.

It is not claimed that the plaintiff ever took proceedings in conformity to special statutes on the subject to have the assessments of the several years designated altered so as to conform to the facts alleged, and it is now too late for the plaintiff to have it done.    It is a condition precedent to the exercise of this right of action in a court of justice, that a previous and timely effort should be made on the part of the taxpayer to have the board of assessors make the correction while the matter was yet in its hands.    Shattuck & Hoffman vs. New Orleans, 39 An. 206; Oteri vs. Parker, Tax Collector, 42 An. 374; Factors and Traders Insurance Co. vs. Levi, 42 An. 432; Gaither vs. Green, 40 An. 364; Red River and Coast Line vs. Parker, 41 An. 1046.

The only remaining question relates to the constitutional exemption, and as there is a suggestion, made for the first time, that a compromise had been affected *pendente lite,* between the plaintiff and the city respecting all the taxes, except those of 1880, and without the knowledge of counsel on either side, we are of opinion that the cause should be remanded, particularly in view of the fact that counsel on both sides express a willingness that it should be remanded.

Reserving all the rights of both parties, it is ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered and decreed that the cause be remanded to the court *a quo,* to be therein proceeded with according to law and the

views herein expressed; the plaintiff and appellant to pay the costs of appeal, and those of the lower court to await final judgment thereon.