On Application for Rehearing.
 

 PER CURIAM.
 

 The city attorney, in his application for a rehearing, directs our attention to the case of Marston v. Elliott, 138 La. 574, 70 So. 519, in support of the proposition that the estoppel, provided for in section 25 of the Act No. 170 of 1898, is applicable to a suit to cancel or annul an assessment, as well as to a suit to correct an assessment with regard to the description or valuation of the property assessed. The case cited was a suit to reduce an assess-, ment of a tract of land from $114,250 to $14,250. The assessor had assessed the land at $14,250 for its agricultural value and $100,000 for its oil-bearing value. The court said that the plea.of estoppel, based upon section 14 or section 25 of Act No. 170 of 1898, was applicable if the suit was “a suit for the correction or reduction of an assessment,” but was not applicable if the suit was a suit for an annulment of an assessment ; and the court then proceeded to demonstrate that the suit was not one for an annulment of an assessment, but was one for a reduction of the assessment. Here is what the court said:
 

 Page 577 (70 So. 520): “The plea of estoppel was properly maintained, if this is a suit for the correction or reduction of an assessment.”
 

 Page 580 (70 So. 521): “But this error on the part of the assessor does not make the assessment illegal. The assessor was fully warranted by the law in assessing the property of plaintiff as agricultural and oil land; and this suit is not really one to cancel an assessment, or part of an assessment, on the ground of- illegality, as is stated in plaintiff’s petition. It is a suit to reduce the assessment of plaintiff’s land from $114,250 to $14,250.”
 

 Page 581 (70 So. 521): “But we have seen that the legality of the assessment is not involved in this suit, and that the only question presented to the court 'is one for the correction of one item on the assessment roll as to description and amount.”
 

 The- only case that we know of where this court failed to observe the distinction between suits to correct an assessment with regard to the description or valuation of the property, to which the plea of estoppel under section 14 or section 25 of Act No. 170 of 1898 is applicable, and suits to annul an
 
 *793
 
 assessment, to which the plea of estoppel is not applicable, was the case of Leeds & Co. v. Hardy, Treasurer, 43 La. Ann. 810, 9 So. 488. The ruling in that case' should not be regarded as authority, for the very reason that the court did not observe the distinction between that case and a suit to correct an assessment with regard to the description or valuation of the property, and for the further reason that the decision was, in effect, overruled by two later decisions in which the court did observe and direct attention to the distinction, viz. Morgan’s Louisiana & Texas Railroad & Steamship Co. v. Pecot, Sheriff and Tax Collector, 50 La. Ann. 742, 23 So. 950, and Soniat v. Board of State Affairs, 146 La. 457, 83 So. 762. In the latter ease the court said:
 

 “ ‘A distinction,’ this court has said, ‘is to be drawn between suits to correct an assessment and suits which go to the inherent validity of an assessment and to the legality of the tax based thereon. In the first class are to be put those suits in which an assessment is complained of and attacked for overvaluation and misdescription of the property listed, involving merely the regularity or correctness of the assessment. In the second class are to be enumerated those actions attacking an assessment as void on account of radical defects, and drawing into question, not the correctness merely of an assessment, but the existence of any valid assessment.’ Ry. & S. S. Co. v. Sheriff, 50 La. Ann. 742, 23 So. 943, 950.”
 

 The application for a rehearing is denied.